AMSCO-WIRE PRODUCTS CORPORATION, TRANSFEREE, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100098.    Promulgated June 13, 1941.

*Rudolph J. Welti, C. P. A.*, for the petitioner.
*Dean P. Kimball, Esq.*, for the respondent.

### OPINION.

TURNER: The respondent determined a deficiency of $628 in income tax and a deficiency of $325.96 in excess profits tax for the year 1936 against the American Musical Supply Co. He also determined that the petitioner in this proceeding was the transferee of the American Musical Supply Co. The parties have stipulated that the petitioner is liable as transferee for such deficiencies as the Board may finally determine, and the only question for decision is whether the can-

cellation by the vice president of the American Musical Supply Co. of unpaid salary and accrued interest thereon, in the amount of $3,078.68, resulted in the realization of taxable income by the corporation.

The facts were stipulated and as stipulated constitute our findings herein.

The petitioner is a corporation, with its principal office in Ridgefield, New Jersey. The American Musical Supply Co. was organized and began operations on July 9, 1928. It took over the business of the American Musical Supply Co. of New Jersey, which on that date ceased operations and became a holding company under the name of "Hessmer Company, Inc." As of December 31, 1935, the Hessmer Co. was merged with the American Musical Supply Co. The foregoing corporations were family corporations and Paul Hessmer was vice president and a stockholder of each. They kept their books and filed their income tax returns on the accrual basis. Since the American Musical Supply Co. was the successor to the Hessmer Co., formerly the American Musical Supply Co. of New Jersey, the name American Musical Supply Co. will hereinafter be used for reference to either corporation.

During the years 1920 through 1935, certain salaries, together with interest thereon, were credited to Hessmer on the books of the American Musical Supply Co., of which $7,078.68 was unpaid at the end of 1935. The following is a statement showing the amounts of accrued salary and interest for each year and the unpaid portion of the total credit for each year:

| Year | Salary | Interest | Total credit | Actual drawings of Hessmer | Unpaid credit |
|---|---|---|---|---|---|
| 1920 | $2,047.50 | | $2,047.50 | $1,462.50 | $585.00 |
| 1921 | 4,200.00 | | 4,200.00 | 2,740.00 | 1,460.00 |
| 1922 | 3,000.00 | | 3,000.00 | 2,971.24 | 28.76 |
| 1923 | 3,000.00 | $272.87 | 3,272.87 | 2,690.22 | 582.65 |
| 1924 | 3,000.00 | 184.78 | 3,184.78 | 2,456.41 | 728.37 |
| 1925 | 3,000.00 | 203.09 | 3,203.09 | 3,000.00 | 203.09 |
| 1926 | 3,000.00 | 215.47 | 3,215.47 | 2,960.47 | 255.00 |
| 1927 | 3,000.00 | 223.58 | 3,223.58 | 2,750.00 | 473.58 |
| 1928 | 1,625.00 | 266.28 | 1,891.28 | 1,500.00 | 391.28 |
| 1929 | | 282.46 | | | 282.46 |
| 1930 | | 299.41 | | | 299.41 |
| 1931 | | 317.38 | | | 317.38 |
| 1932 | | 336.42 | | | 336.42 |
| 1933 | | 356.60 | | | 356.60 |
| 1934 | | 378.00 | | | 378.00 |
| 1935 | | 400.68 | | | 400.68 |
| Total | | | | | 7,078.68 |

In its income tax returns for the years 1920 through 1935 the American Musical Supply Co. deducted the full amounts of salary and interest credited to Hessmer in the respective years as shown above, including the amounts shown as unpaid credit. For the year 1920

the corporation had a net profit of $17,952.85 and in computing net income for that year received a deduction benefit in the amount of $585 in respect of salary which was credited to Hessmer but remained unpaid. Owing to the following indicated losses sustained by the corporation during the years 1921 through 1935, it received no tax reduction benefits in the respective years by reason of the deduction from gross income of the amounts representing salary and interest which were credited to Hessmer but were unpaid.

| | Loss | | Loss | | Loss |
|---|---|---|---|---|---|
| 1921 | $56,838.38 | 1926 | $19,939.95 | 1931 | $6,161.20 |
| 1922 | 46,531.03 | 1927 | 29,136.09 | 1932 | 5,464.93 |
| 1923 | 5,063.07 | 1928 | 29,223.21 | 1933 | 6,492.91 |
| 1924 | 6,088.87 | 1929 | 7,997.27 | 1934 | 5,511.44 |
| 1925 | 13,069.94 | 1930 | 3,600.92 | 1935 | 4,746.82 |

In his individual income tax returns for the years 1920 through 1935 Hessmer reported as taxable income the total salary and interest credited to him on the books of the corporation as heretofore shown.

On December 11, 1936, Hessmer forgave and canceled $3,078.68 of the unpaid salary and interest of $7,078.68 which had been credited to him on the books of the American Musical Supply Co. and received from the corporation a note for $4,000 as evidence of the balance of the indebtedness. So far the note has never been paid.

In determining the deficiencies the respondent determined that the American Musical Supply Co. realized taxable income in the amount of $3,078.68 as a result of Hessmer's cancellation of the indebtedness in that amount.

The petitioner claims that the cancellation by Hessmer of salary and interest owing by the American Musical Supply Co. to Hessmer did not result in the realization of taxable income by the corporation but constituted a contribution to corporate capital. It relies particularly on AutoStrop Safety Razor Co., 28 B. T. A. 621; affd., 74 Fed. (2d) 226. The respondent claims that under authority of the decisions in Helvering v. Jane Holding Corporation, 109 Fed. (2d) 933; certiorari denied, 310 U. S. 653; and Beacon Auto Stores, Inc., 42 B. T. A. 703, the amount of the indebtedness canceled constituted taxable income to the corporation in the year of cancellation and that in any event the amount of $585 must be determined to be taxable income, since it represented the amount of the benefit actually enjoyed through the deduction of unpaid salary and interest accrued and credited to Hessmer during the years 1920 through 1935. We think it clear that Helvering v. Jane Holding Corporation, supra; Beacon Auto Stores, Inc., supra; and Howard Paper Co., 43 B. T. A. 545, recently decided, lay down the rule that the cancellation of indebtedness of the character and under the circumstances here results

in the realization of taxable income by the party benefiting by such cancellation. The facts show, however, that the American Musical Supply Co. received a tax benefit through the deduction of only $585 of the unpaid amounts credited to Hessmer during the years 1920 through 1935, and, under authority of *National Bank of Commerce of Seattle*, 40 B. T. A. 72; affd., 115 Fed. (2d) 875; and *Central Loan & Investment Co.*, 39 B. T. A. 981, the amount of the indebtedness canceled by Hessmer which is to be included in petitioner's income in the year of cancellation is limited to $585.

*Decision will be entered under Rule 50.*