JOHN V. DOBSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106553. Promulgated March 27, 1942.

*John W. Windhorst, Esq.*, and *Leland W. Scott, Esq.*, for the petitioner.

*S. U. Hiken, Esq.*, for the respondent.

OPINION.

TURNER: The respondent determined a deficiency in income tax for the year 1939 in the amount of $9,108.06. The question presented is whether a sum of money, or any part thereof, recovered by the petitioner in the taxable year as a result of litigation involving certain stock transactions in prior years constitutes a return of capital, as contended by petitioner, or taxable income, as contended by respondent. The parties have filed a written stipulation of facts, with certain exhibits attached thereto, and the Board adopts such stipulation as its

findings of fact. We shall recite only the facts deemed necessary to discussion of the issue presented.

Petitioner, a resident of Minneapolis, Minnesota, filed his 1939 income tax return with the collector of internal revenue for the district of Minnesota.

At various times in 1929 petitioner purchased, in transactions entered into for profit, a total of 440 shares of the capital stock of the National City Bank of New York. The stock also carried certain beneficial interests in the stock of the National City Co. of New York. The purchases were made in the State of Minnesota from the National City Co.

During the year 1929 petitioner sold a total of 240 shares of the stock, 90 shares of which resulted in a taxable gain of $8,168.44 and was so treated in closing petitioner's income tax liability for 1929. The sale of the remaining 150 shares in 1929 resulted in a loss of $13,168.44, properly disallowed as a deduction in closing petitioner's 1929 income tax liability because of the wash sales provisions of the Revenue Act of 1928.

In 1930 petitioner sold the remaining 200 shares of the stock for $20,897.44. These shares had actually cost the petitioner $70,000, but, because of the wash sales in 1929 which resulted in nondeductible losses for that year, the petitioner's basis for determining the amount of loss sustained in 1930 was $70,000 plus $13,168.44, or $83,168.44. The 1930 sale resulted in a deductible loss by the petitioner in the amount of $62,271, which was allowed by the respondent as a deduction in closing petitioner's income tax liability for that year.

On July 3, 1931, petitioner purchased 200 shares of the bank stock at a cost of $17,700, and on July 13, 1931, sold the said shares for $16,000, thereby sustaining a loss of $1,700 which was deductible for 1931, but was not claimed as a deduction. Upon audit of the return, no deduction was allowed by the respondent by reason of the loss realized on the sale, but had such loss been claimed as a deduction it would have been allowed by the respondent and would have reduced the income tax liability of petitioner for the year 1931, but would not have eliminated entirely liability to tax. Petitioner's 1931 return disclosed net income of $17,514.27, and a tax thereon of $125.43, which was paid to the collector during the year 1932.

Until September 1937 the petitioner regarded the aforesaid purchases and sales as closed and completed transactions. During that month petitioner learned for the first time that the stock had not been registered under the Minnesota Blue Sky Laws, and further learned for the first time facts which led him to believe that the sales by the company to him might have been fraudulent. On or about July 9, 1938, the petitioner filed a suit against the National City Co. in an

effort to recover the amounts which he had paid for the stock in 1929 and 1931, alleging that the stock had been sold to him without having been registered in accordance with the requirements of the Minnesota Blue Sky Laws and that the sales had been fraudulent. He asked for a rescission of the entire transaction and tendered to the defendant company the proceeds of the stock or an equivalent number of shares of stock of the bank, plus interest and dividends received.

In 1939 the suit was settled by a net payment of $33,404 by the company to the petitioner, and upon receipt thereof the suit was dismissed, with prejudice, pursuant to a stipulation between the parties. Of the total net recovery, $157.04 related to 40 shares of stock which are not here involved and is conceded to be taxable income. Of the remainder, $32,294.96 is allocable to the stock sold by the petitioner in 1930 and the balance of $952 is allocable to the stock sold by petitioner in 1931.

If the entire deduction of $62,271, allowed as a deduction in connection with petitioner's 1930 Federal income tax liability had been disallowed, there would have been net income in the amount of $32,227.53 and a deficiency in petitioner's income tax for 1930 would have resulted in the amount of $1,232.75, computed as follows:

| | | |
|---|---|---|
| Net loss | | ($30,043.47) |
| Add: Loss on National City Bank stock, eliminated | | 62,271.00 |
| | | |
| Net income revised | | 32,227.53 |
| Less: | | |
| Dividends | $23,659.45 | |
| Personal exemption | 3,500.00 | |
| Credit for dependents | 1,200.00 | 28,359.45 |
| | | |
| | | 3,868.08 |
| | | |
| Normal tax: 1½% of $3,868.04 | | $57.02 |
| Surtax on $32,227.53 | | 1,240.48 |
| | | |
| Total | | 1,297.50 |
| Less: Earned income credit | | 64.75 |
| | | |
| Total tax assessable | | 1,232.75 |
| Assessed | | 0.00 |
| | | |
| Deficiency | | 1,232.75 |

If in addition to the $20,897.44 actually received on the sale of the stock in 1930 petitioner had received $32,294.96, being the amount recovered in 1939 in respect of the stock sold in 1930, his deductible loss for 1930 from the sale of the said stock would have been $29,976.04 and he would have had net income in the amount of $2,251.49. Due to certain credits allowable, however, his income tax for 1930 would have been zero, shown as follows:

| | | |
|---|---|---|
| Net loss | | ($30, 043. 47) |
| Add: Entire amount recovered in 1939 in reduction of loss on stock sold in 1930 | | 32, 294. 96 |
| Net income revised | | 2, 251. 49 |
| Less: | | |
| Personal exemption | $3, 500. 00 | |
| Credit for dependents | 1, 200. 00 | |
| Total | | 4, 700. 00 |
| Balance subject to tax | | none |
| Total tax assessable | | none |
| Tax assessed | | none |
| Deficiency | | none |

Throughout the year 1939 adjustment of petitioner's income tax liability for 1930 was barred by the statute of limitations.

In his income tax return for 1939 the petitioner reported income of only $157.04 on account of the recovery of $33,404. In the deficiency notice the respondent adjusted the amount of gross income reported by adding $33,246.96 and thereby treating the entire amount of petitioner's net recovery of $33,404 as ordinary income.

Since addition to 1930 income of an amount equal to that recovered in 1939 in respect of the stock sold in 1930 would not have resulted in any amount of income tax for 1930, it is the claim of the petitioner that no part of the said recovery constituted taxable income for 1939, even though the loss deduction of $62,271 claimed and allowed for 1930 in respect of the said sale did serve to offset taxable income in the amount of $32,227.53, and even though there would have been net income in 1930 in the amount of $2,251.49 instead of a net loss if upon the sale of stock in that year petitioner had received an additional amount equal to that recovered in 1939. In the alternative, petitioner contends that if the amount recovered is taxable it is taxable as capital gain. The respondent contends that the amount recovered by the petitioner which is allocable to the 1930 sale is taxable as ordinary gain and that it is wholly immaterial whether petitioner realized any tax benefit from the deduction taken in the prior year but that in any event the petitioner did realize a tax benefit to the extent that the deduction taken in the prior year operated to offset taxable income.

In *Estate of James N. Collins*, 46 B. T. A. 765, concurrently decided, we have considered the nature and character of transactions and recoveries such as are here involved and have reviewed the controlling decisions. Where there is recovery in respect of a loss sustained in an earlier year and a deduction of such loss claimed and allowed for the earlier year had effected an offset in taxable income, the amount recovered in the later year should be included in taxable income for the year of recovery, the reason being that even though the subsequent recovery is in the nature of a capital

recovery the prior deduction of the amount of the loss from taxable income has for income tax purposes already given the taxpayer a recoupment of said loss out of taxable income and the subsequent recovery, being in the nature of a replacement of taxable income, is equivalent to gain to the taxpayer. *National Bank of Commerce of Seattle* v. *Commissioner*, 115 Fed. (2d) 875, affirming 40 B. T. A. 72. But where the deduction claimed and allowed in the prior year did not effect an offset of taxable income, the amount recovered in a later year does not constitute taxable income for the year of recovery. *Estate of James N. Collins, supra.* In the instant case the deduction for 1930 of the loss sustained upon the sale of the National City Bank stock resulted in a net loss to the petitioner for that year of $30,043.57, and to that extent the loss deduction claimed in 1930 did not effect an offset of taxable income. In 1939 the petitioner recovered in respect of such stock and in addition to the amount received upon its sale in 1930 the amount of $32,294.96. It is accordingly apparent that the deduction in 1930 of the amount recovered in 1939 did effect an offset in taxable income in the amount of $2,251.49, that amount being the excess of the 1939 recovery over the 1930 net loss and to that extent the amount recovered in 1939 constitutes taxable income to the petitioner in the year of recovery. *Central Loan & Investment Co.*, 39 B. T. A. 981; *Amsco-Wire Products Corporation*, 44 B. T. A. 717. Petitioner's contention that the income so realized should be taxed as capital gain is denied on authority of *Avery R. Schiller*, 43 B. T. A. 594.

With respect to the $952 recovered in 1939 in respect of the stock sold in 1931, the respondent on brief states: "For the purposes of the present case the respondent does not press the issue that the amount of $952.00 of the recovery allocable to the stock which was sold in 1931 and on which no loss was claimed, constitutes taxable income, inasmuch as the principle enunciated in G. C. M. 22163, 1940-2 Cum. Bull. 76 is to the contrary."

*Decision will be entered under Rule 50.*